## Case No. 1,846.

BRETTAUGH v. LOCUST MOUNTAIN COAL & IRON CO.

[7 Am. Law Reg. (N. S.) 109.]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1867.

TAXATION—COLLECTION—SALE FOR NONPAYMENT.

[A change in an assessment by assessors, as to the ownership or quantity of land, made after a return to the county commissioner, without the knowledge of the owner, vitiates a sale of the land for unpaid taxes, where such owner has complied with all the requirements of law, given information whereby the land might be properly taxed, and endeavored to pay his taxes, but failed to discover them on the list.]

[At law. Action of ejectment by Brettaugh against the Locust Mountain Coal & Iron Company. Verdict for defendant.

[Prior to 1848, the owner of a tract of land lying in Columbia and Schuylkill counties had the same surveyed, and returned the survey to the county commissioner of Schuylkill county for the purpose of assessment and taxation. In 1848, the 55+ acres lying in Schuylkill county were assessed, and the taxes thereon were thereafter duly paid for the years 1848 and 1849. In 1850 and 1851, erasures and changes were made by the assessors or with their consent, on their books, whereby the quantity and the name of the owner of the land as originally assessed disappeared, the owners, through their agent, being informed that the land had not been assessed, and that no taxes were due. Subsequently the land was sold by the county treasurer to the plaintiff for the unpaid taxes of 1851 and 1852.]

T. E. McElroy and Parsons, for plaintiff.

McMurtrie & Hughes, for defendants, cited Gibson v. Robbins, 9 Watts, 159; City of Philadelphia v. Miller, 13 Wought [49 Pa. St.] 455; Larimer v. McCall, 4 Watts & S. 133; Baird v. Cahoon, 5 Watts & S. 540; Dunn v. Ralyea, 6 Watts & S. 479; Williston v. Colkett, 9 Barr [Pa. St.] 38; Commercial Bank v. Woodside, 2 Harris [14 Pa. St.] 404; Dunden v. Snodgrass, 6 Harris [18 Pa. St.] 154; Laird v. Hiester, 12 Harris [24 Pa. St.] 453.

GRIER, Circuit Justice, instructed the jury the question was one of fact. Such a change in the assessment after a return and an assessment accordingly, without notice to or knowledge by the owner of the change, whether this was through the fraud or folly of the assessors, and it mattered not which, vitiated the sale as against the owner who had been misled, and endeavored to pay his taxes but failed to discover them on the list, after having complied with the requisition of the law and given the officers of the commonwealth full information to enable them to tax the land properly.

The jury found for the defendants.